UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER CONSTANTINE,

        Plaintiff,

    -against-

EMPIRE STATE DEVELOPMENT, NEW
YORK STATE DEPARTMENT OF ECONOMIC
DEVELOPMENT, OFFICE OF THE ATTORNEY
GENERAL, EILEEN MASON, ANNETTE HARKIN,
DEBORAH R. NELSON, and MILDRED B. HOGHE
(sued in their individual and official capacities pursuant
to N.Y. Exec. Law §296 and §297),

        Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

12-CV-0509

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★   SEP 18 2013   ★
LONG ISLAND OFFICE

APPEARANCES:

    LAW OFFICE OF HELAYN COHEN
    BY: HELAYN COHEN, ESQ.
    Attorney for Plaintiff
    61-43 186th Street
    Fresh Meadows, New York 11365

    ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL
    FOR THE STATE OF NEW YORK
    BY: SUSAN M. CONNOLLY, ESQ.
    ASSISTANT ATTORNEY GENERAL
    Attorney for Defendants
    300 Motor Parkway, Suite 205
    Hauppauge, New York 11788

WEXLER, District Judge:

    Plaintiff Peter Constantine ("Constantine") brings this action claiming violations of the Age Discrimination Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the New York State Executive Law §296 and §297 ("N.Y. Exec. Law"). Defendants Empire State Development ("Empire"), Office of the Attorney

General, Eileen Mason and Deborah R. Nelson were dismissed from the case with prejudice by stipulation dated June 7, 2012, and entered by the Court on September 27, 2012. The remaining defendants, New York State Department of Economic Development ("DED"), Annette Harkins ("Harkins") and Mildred B. Hoghe ("Hoghe") (collectively, the "Defendants") hereby move to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(b)(6). For the reasons that follow, Defendants' motion is granted in part and denied in part.

## BACKGROUND

I.   Factual Background

According to the facts outlined in the complaint, Plaintiff Peter Constantine, born April 16, 1941, was employed by DED as an International Trade Specialist III as of May 25, 1993, and worked in Empire's office in Manhattan, N.Y.[1] Following a probationary period, his employment became permanent in January 1996. Plaintiff was one of five (5) trade specialists covering New York state, and alleges he was qualified to perform his functions and received letters of praise from companies with whom he interacted.

In 2003, all those with the "Trade Specialist" title, except for Plaintiff, who was the oldest of that team and at retirement age at that time, received the new title of "Economic Development Program Specialist," leaving Plaintiff with an obsolete civil service title. Around that same time, Empire moved offices and while the other professionals were given office space, Plaintiff was given a cubicle. Efforts taken to obtain office space for Plaintiff were refused. Plaintiff claims

---

[1] While the complaint does not explain the relationship between DED and Empire or how Plaintiff was employed by one or the other, it does allege that "Defendants' (sic) were Plaintiff's 'employer.'" See Plaintiff's Complaint ("Pl. Cmplt"), ¶ 14. The Court will accept this allegation as true for the purposes of this Rule 12(b)(6) motion.

that this created and perpetuated a hostile work environment designed to force him to retire.

On November 12, 2010, Plaintiff received notice of potential layoffs, and on December 9, 2010 received a letter informing him he would be laid off as of December 31, 2010. Plaintiff alleges he was the only professional laid off, and the oldest member of his team. His attorney's affirmation in opposition to the motion asserts that Plaintiff was let go because of his obsolete civil service title. See Affirmation in Opposition of Helayn Cohen, at ¶ 14.

Subsequently, according to Plaintiff's counsel's affirmation, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") on January 13, 2011, and received a right-to-sue letter dated November 4, 2011. This action was filed on February 2, 2012.[2]

II.     Plaintiff's Complaint and the Motion to Dismiss

Plaintiff's complaint alleges three claims. First, he claims that he suffered an adverse employment action because of his age in violation of the ADEA. His second claim is that he was subjected to a hostile work environment because of his age in violation of Title VII. Thirdly, he claims that the individual Defendants, Harkins and Hoghe, violated N.Y. Exec. Law § 296 and § 297 by discriminating against Plaintiff because of his age.

Defendants move to dismiss on several grounds. First, they argue that Title VII requires that a claim be first filed with the EEOC within 300 days of the discriminatory event, and a complaint filed within 90 days after receiving a right to sue letter. They argue that Plaintiff failed to allege the details to determine whether the claim is timely or attach the right to sue letter to the

---

[2] Plaintiff's complaint does not allege the date the claim was filed with the EEOC, nor does it attach the EEOC's right to sue letter.

complaint, and thus, the complaint should be dismissed.

Defendants also argue that DED was never properly served, and that in any event, the Eleventh Amendment precludes the ADEA and Title VII claims. Finally, Defendants argue that the Title VII claims against the individuals must be dismissed, and that Plaintiff has failed to allege that Plaintiff suffered discrimination or a hostile work environment because of his age.

## DISCUSSION

I. Legal Principles

    A. Standards on Motions to Dismiss

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true, and draw all reasonable inferences in favor of plaintiffs. Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," id. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1959. Further, a pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, 129 S. Ct. at 1950.

II.  The Present Motion

  A.  The Eleventh Amendment

Defendants argue, *inter alia*, that the Eleventh Amendment precludes Plaintiff's ADEA claims. Plaintiff does not specifically respond to this argument other than to state that Eleventh Amendment immunity is not absolute, and instead argues that the complaint makes out a timely *prima facie* claim and therefore should be permitted to proceed.

The Eleventh Amendment protects the sovereign immunity of states from federal lawsuits, stating that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. While Congress may abrogate the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity. See Woods v. Rondout Valley Central School Dist. Bd of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citations omitted). Eleventh Amendment immunity "extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." Mary Jo C. v. New York State and Local Retirement System, 707 F.3d 144, 151-152 (2d Cir. 2013), cert. dismissed, 133 S. Ct. 2923 (2013) (quoting Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997)).

As noted above, the Defendants remaining in this case are the New York State Department of Economic Development ("DED"), and the individual Defendants Annette Harkins and Mildred B. Hoghe, sued in their official and individual capacities. There is no

dispute that the DED is an arm of the state. The question here is whether the sovereign immunity enjoyed by the state was abrogated by Congress is passing the ADEA.

The Supreme Court found in Kimel v. Fla. Bd. of Regents that sovereign immunity is not abrogated by the ADEA. Kimel, 528 U.S. 62, 91 (2000). The Court examined whether the ADEA's purported abrogation of State's sovereign immunity was a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. Finding it invalid, the Court held that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals. Thus, State employees cannot make claims for damages under the ADEA, but are protected by state age discrimination statutes, and thus may recover money damages from their state employers through that vehicle. Id., at 91. See also Darcy v. Lippman, 356 Fed.Appx. 434, 436-437 (2d Cir. 2009) (Plaintiff's claims under the ADEA and ADA against the state Uniform Court System are barred by the Eleventh Amendment); Skalafuris v. City of New York, 444 Fed.Appx. 466, 468 (2d Cir. 2011)(Eleventh Amendment precludes ADEA claim for money damages against city college that is arm of state). Thus, Plaintiff's ADEA claim against DED is dismissed.

If a claim is barred by the Eleventh Amendment, a plaintiff cannot bring that claim against individuals in their official capacity. Darcy v. Lippman, 356 Fed.Appx. 434, 436-437 (2d Cir. 2009), citing Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (if the essence of the action is recovery from the state, the state may invoke its sovereign immunity even though the defendants are nominal individuals). Thus, to the extent Plaintiff's complaint alleges claims against Harkin and Hoghe in their official capacity, those claims are also dismissed.

Nor can these claims proceed against the individuals in their personal capacities "because the ADA and ADEA, like Title VII, do not provide for actions against individual supervisors." Darcy, 356 Fed.Appx. 434, 437 (2d Cir. 2009) (citations omitted). Thus, Plaintiff's ADEA claims against Harkin and Hoghe in their personal capacities are dismissed. In sum, all of Plaintiff's ADEA claims are barred by the Eleventh Amendment or are invalid claims against individual supervisors.

B. Title VII Claims

Defendants argue that Plaintiff's Title VII claims are not timely and do not state a *prima facie* claim for age discrimination or hostile work environment. Defendants also argue that Defendant DED was not properly served, and that Title VII does not permit claims against the individuals Harkins and Hoghe.[3]

Prior to addressing these arguments, a preliminary question exists as to whether Title VII even applies to Plaintiff's claims, which seem to be wholly based on age discrimination. In light of the fact that neither party has addressed this issue, the Court hereby directs all parties to submit a brief on this limited issue by October 4, 2013. The motion is dismiss the Title VII claims, as well as the N.Y. Executive Law § 296 and § 297 claims, is thus hereby denied without prejudice to renew following a ruling on that issue.

CONCLUSION

Defendants' motion to dismiss Plaintiff's ADEA claims is granted. Defendants' motion to dismiss Plaintiff's Title VII claims and the New York Exec. Law claims is hereby denied,

---

[3] The Eleventh Amendment does not preclude claims under Title VII, which has been held to be a proper exercise of Congressional authority under section 5 of the Fourteenth Amendment. See Fitzpatrick v. Bitzer, 427 U.S. 445, 456-457 (1976).

without prejudice to renew after the parties have briefed and this Court has ruled on whether Title VII applies to Plaintiff's claims. The parties shall each serve and file a brief on this issue by October 4, 2013.

SO ORDERED.

                                            s/ Leonard D. Wexler
                                          LEONARD D. WEXLER
                                          UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       September 18, 2013